# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CATOOSA HOSPITALITY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0563-CVE-JFJ |
| | ) |
| CR CRAWFORD CONSTRUCTION, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are Plaintiff's Motion to Join Parties and Remand (Dkt. # 6) and Defendant's Motion to Dismiss and/or Transfer and Brief in Support (Dkt. ## 8, 10). Plaintiff Catoosa Hospitality, LLC (CHL) requests leave to join subcontractors employed by defendant CR Crawford Construction, LLC (CR Crawford), and CHL acknowledges that joinder of the new parties would destroy diversity jurisdiction. Dkt. # 6. CR Crawford opposes CHL's motion to add the subcontractors as parties, and it argues that this case should be dismissed or transferred pursuant to a forum selection clause in the parties' written contract. Dkt. # 8.

On September 27, 2019, CHL filed this case in Rogers County District Court, alleging that it hired CR Crawford as a general contractor to construct a Marriot Fairfield Inn & Suites in Catoosa, Oklahoma. Dkt. # 2-1, at 3. CHL alleges that CR Crawford performed work outside the scope of the contract, and CR submitted a change order for $460,122 after the additional work had already been performed. Id. CHL seeks a declaratory judgment that it is not obligated to pay the change order for work in excess of the scope of work authorized by the parties' contract. Id. at 4. CR Crawford removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.

CHL is a citizen of Oklahoma and CR Crawford is a citizen of Arkansas, and the amount in controversy exceeds $75,000. Dkt. # 2, at 1. In addition to this case, CR Crawford filed a separate lawsuit in the Circuit Court of Washington County, Arkansas against CHL and various subcontracts hired by CR Crawford. CR Crawford Construction, LLC v. Catoosa Hospitality, LLC et al., Case No. 72 CV 19-2625-5 (Circuit Court of Washington County, Arkansas).[1] CR Crawford alleges claims of breach of contract and estoppel against CHL, and CR Crawford seeks a declaratory judgment that it is not obligated to pay additional amounts to the subcontractors until it receives full payment from CHL. Dkt. # 13-1, at 8-10.

CHL states it has received pre-lien notices from Ramcco Concrete Construction, LLC (Ramcco), Mullin New Construction, Inc., Mullin Services, Inc., and Ellsworth Construction, LLC, and Grindstone Construction, Inc. has filed a mechanic's and materialsmen's lien on CHL's property. Dkt. # 6, at 3-4. After briefing on CHL's motion to join parties was completed, Ramcco filed a lawsuit against CHL in Rogers County District Court to recover on its lien. Dkt. # 20-1. CR Crawford has filed a motion to dismiss under the doctrine of forum non conveniens or, in the alternative, CR Crawford asks the Court to transfer the case to the United States District Court for the Western District of Arkansas pursuant to a forum selection clause. Dkt. # 8. The contract between CHL and CR Crawford contains the following provision concerning the location of any litigation:

> This agreement shall be construed in accordance with the laws of the State of Arkansas. The exclusive venue for the litigation of any disputes arising hereunder or related to shall be either Washington County Circuit Court or United States District Court, Western District of Arkansas, Fayetteville Division. By executing this

---

[1] The amended complaint is attached as an exhibit to CR Crawrford's response to CHL's motion to join additional parties. See Dkt. # 13-1.

2

> Agreement Owner hereby voluntarily, knowingly, and intentionally submits itself to the personal jurisdiction of the courts referenced herein for the purpose of litigating any and all disputes with Contractor related to the Agreement.

Dkt. # 8-1, at 12. CR Crawford represents that the written agreements with the subcontractors contain the same choice of law and forum selection clauses. Dkt. # 21, at 1. CHL responds that the choice of law and forum selection provisions are unenforceable under OKLA. STAT. tit. 15, § 821, which provides that "[a] provision, covenant, clause or understanding in, collateral to of affecting a construction contract that makes the contract subject to the laws of another state or that requires litigation . . . arising from the contract to be conducted in another state" is void and unenforceable as a matter of Oklahoma public policy. However, neither party has cited any decision by an Oklahoma appellate court interpreting this statute, and CR Crawford argues that the Court must consider only federal law in deciding whether the choice of law and forum selection clauses are enforceable.

CR Crawford removed this case based on diversity jurisdiction under 28 U.S.C. § 1332, which requires that no plaintiff can be a citizen of the same state as any defendant. Salt Lake Tribune Pub. Co., LLC v. AT&T Corp., 320 F.3d 1081, 1095 (10th Cir. 2003). The parties do not dispute that complete diversity existed at the time of removal, but CHL now seeks to join additional parties whose joinder would destroy diversity jurisdiction. In such situations, a district court may "deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). However, a plaintiff does not have an absolute right to join additional parties, and the plaintiff must obtain leave of court under Fed. R. Civ. P. 15(a)(2) to file an amended complaint adding the non-diverse parties. McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008). A plaintiff should be permitted to join additional parties when the party sought to be joined is indispensable under Rule

19, but a district court may also authorize permissive joinder of additional defendants under Fed. R. Civ. P. 20(a)(2). Id. at 951-52. Factors relevant to the exercise of the district court's authority to allow permissive joinder include "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith." Id. at 952.

    The Court has reviewed the parties' briefing on CHL's motion to join additional parties and finds that it is unnecessary to consider whether the additional parties are indispensable under Rule 19, because the Court finds that CHL should be permitted to join the subcontractors as defendants pursuant to Rule 20(a)(2). A district court has the discretion to allow permissive joinder of a defendant if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction" and "any question of law of fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). CHL's claims against the subcontractors are based on a dispute concerning payment of the subcontractors for work performed to construct the same hotel that is also the subject of the dispute between CHL and CR Crawford. The dispute between the subcontractors and CHL also overlaps with CR Crawford's contention in a separate lawsuit that it is not obligated to pay the subcontractors until CHL pays the change order for additional sums allegedly owed to CR Crawford. This is more than sufficient to show that CHL's claims against the subcontractors arise out of the same transaction as CHL's claims against CR Crawford. The Court also finds that there are common issues of law and fact that will arise against CR Crawford and the subcontractors. CR Crawford has taken the position that it has no obligation to pay the subcontractors until it receives payment on the change order submitted to CHL, and it would be beneficial for all parties to be present in a single lawsuit

4

to resolve this issue. In addition, there is a separate issue of law raised by the forum selection clause in the construction contract, because CR Crawford represents that the subcontracts contain a similar forum selection clause and the subcontractors are all citizens of Oklahoma who may be entitled have the forum selection declared void under § 821. See Dkt. # 21, at 1.

In addition to the requirements of Rule 20(a)(2), the Court has also considered the factors cited in McPhail and finds that none of these factors weighs against granting CHL's motion to join parties. CR Crawford will not be prejudiced by allowing CHL to join the subcontractors, especially considering that CR Crawford already has claims against the subcontractors in a separate lawsuit. As to the timing of CHL's motion, CR Crawford argues that CHL sought to join the subcontractors as parties after the case was removed to this Court, and CR Crawford believes that it is apparent that CHL's sole reason for joining the subcontractors as parties is to defeat diversity jurisdiction. Dkt. # 13, at 2. However, this case was filed on September 27, 2019, and CHL did not begin to receive pre-lien notices until October 2019. Dkt. # 6, at 11-21; Dkt. # 15, at 9-29. The Court finds no evidence that CHL delayed in seeking to bring claims against the subcontractors. Finally, the Court must consider whether CHL's request to join parties is made in good faith. CHL has shown that it has received notice that subcontractors would be filing liens on its property, and at least one subcontractor, Ramcco, has filed suit to enforce its lien. Dkt. # 20. There is a significant benefit to all parties, including CR Crawford, in resolving the claims of all parties in a single lawsuit. In addition, CR Crawford seeks to enforce forum selection clauses against CHL and the subcontractors, and it would be preferable for this issue to be decided when all parties are present in a single lawsuit. The Court finds that CHL has provided a good faith explanation for its request to join additional

parties, and it does not appear that CHL seeks to join the subcontractors as parties for the purpose of defeating diversity jurisdiction.

The Court finds that CHL's motion to join parties should be granted, and CHL may file an amended complaint adding non-diverse parties. Upon filing of the amended complaint, the Court will remand the case to state court, and CR Crawford's motion to dismiss (Dkt. ## 8, 10) will remain pending for adjudication by the state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Join Parties and Remand (Dkt. # 6) is **granted in part** as to joinder of additional parties, and CHL may file an amended complaint joining additional parties no later than **January 14, 2020**. The motion (Dkt. # 6) remains under advisement as to remand of the case pending the filing of CHL's amended complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and/or Transfer and Brief in Support (Dkt. ## 8, 10) remains pending for adjudication.

**DATED** this 7th day of January, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE